**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-6131**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRELL LAMONT GILCHRIST, a/k/a Darrell Lamont Gilchrist,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:02-cr-00245-DKC-1)

Submitted:  November 20, 2025                    Decided:  December 11, 2025

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Derrell Lamont Gilchrist, Appellant Pro Se.  David Christian Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrell Lamont Gilchrist appeals the district court's order granting in part and denying in part his motions for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). By way of his motions, Gilchrist sought to reduce his 112-year sentence to 25 years. After finding that Gilchrist was eligible for a sentence reduction and thoroughly assessing the 18 U.S.C. § 3553(a) factors, the district court reduced Gilchrist's sentence to 37 years' imprisonment.

On appeal, Gilchrist argues that: (1) the district court failed to provide an individualized explanation and erred in calculating his Sentencing Guidelines range without considering the combination of the vacatur of a 1994 state conviction and Amendments 742 and 821; and (2) the court erred in applying the increased statutory penalty for brandishing a firearm, in light of *Alleyne v. United States*, 570 U.S. 99 (2013), and failing to fully consider the effect of *Alleyne* when considering the applicable 18 U.S.C. § 3553(a) factors when reducing his sentence. We discern no reversible error in the district court's decision.[*]  *See United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023) (explaining standard of review for denial of § 3582(c)(1)(A) motion). The court conducted an individualized review and thoroughly explained its § 3553(a) analysis. Accordingly, we affirm.

---

[*] The same order denied Gilchrist's pro se motion for a sentence reduction pursuant to Amendment 821 because his Guidelines range would not change. On appeal, Gilchrist concedes that relief under 18 U.S.C. § 3582(c)(2) was unavailable.

2

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*